**The court incorporates by reference in this paragraph and adopts as the findings and analysis of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.**



Dated: August 31 2015

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Case No. 15-30102 |
| | ) | |
| Stanley M. Pugh and | ) | Chapter 7 |
| Karla M. Pugh, | ) | |
| | ) | |
| Debtors. | ) | JUDGE MARY ANN WHIPPLE |

**MEMORANDUM OF DECISION
REGARDING MOTION OBJECTING TO EXEMPTION**

This case is before the court on the Chapter 7 Trustee's Motion Objecting to Exemptions ("Motion"). [Doc. # 18]. The Trustee objects to Debtors' homestead exemptions claimed under Ohio Revised Code § 2329.66(A)(1) in real estate located at 1607 Garrison Street, Fremont, Ohio. The court held a hearing on the Motion that Debtors' attorney and the Chapter 7 Trustee ("Trustee") attended in person. The parties agreed that an evidentiary hearing was not necessary as the facts are not in dispute.

The district court has jurisdiction over this Chapter 7 case pursuant to 28 U.S.C. § 1334(a) as a case under Title 11. It has been referred to this court by the district court under its general order of reference. 28 U.S.C. § 157(a); General Order 2012-7 of the United States District Court for the Northern District of Ohio. A proceeding regarding exemptions from property of the estate is a core proceeding that the court may hear and decide. 28 U.S.C. § 157(b)(1) and (b)(2)(B). For the reasons that follow, the Trustee's Motion will be denied.

## FACTUAL BACKGROUND

Debtors filed their Chapter 7 bankruptcy petition on January 19, 2015. At the time of filing, they lived in a home located at 1607 Garrison Street, Fremont, Ohio ("the Property") that was titled in the name of Debtor Karla Pugh's mother. Her mother died intestate in December 2014. At the time of the hearing on the Motion, a state court probate proceeding was anticipated but had not yet been commenced.

Debtors include as a joint asset on bankruptcy Schedule B a "possible inheritance from Ms. Pugh's deceased mother." [Doc. # 1, Schedule B, p. 13/50; Doc, # 29-1, Amended Schedule B, p. 3/5]. On bankruptcy Schedule C, Debtors claim an exemption in the "possible" inheritance under Ohio Revised Code § 2329.66(A)(1), (3) and (18). [Doc. # 1, Schedule C, p. 15/50; Doc. # 29-1, Amended Schedule C, p. 5/5]. The Schedule C and Amended Schedule C do not limit the claimed exemptions to Karla Pugh. Debtors state that the value of the inheritance is unknown and value the exemptions at zero. [*Id.*].[1]

## LAW AND ANALYSIS

As authorized by 11 U.S.C. § 522(b)(2), the Ohio legislature opted out of the federal exemptions provided in § 522(d). *See* Ohio Rev. Code § 2329.662. As a result, debtors for whom the applicable exemption law under § 522(b)(3)(A) is Ohio law must claim exemptions under the relevant Ohio statutes and under applicable non-bankruptcy federal law. There is no dispute that Debtors have been domiciled in Ohio for more than the 730 days preceding the date of the filing of their petition such that Ohio exemption law applies in this case. *See* 11 U.S.C. § 522(b)(3)(A).

Under Bankruptcy Rule 4003(c), the party objecting to the exemption, in this case the Trustee, has the burden of establishing that a debtor is not entitled to the claimed exemption. *In re Wengerd*, 453 B.R. 243, 246 (B.A.P. 6th Cir. 2011).[2] The standard of proof is by a preponderance of the evidence. *In re*

---

[1] The Trustee has not raised, and the court does not address in this opinion, the effect of a claimed exemption with a stated value of zero.

[2] The Sixth Circuit Bankruptcy Appellate Panel ("BAP") recently cited a presumption of validity and burden shifting analysis as applicable to claimed entitlement to an exemption and a Trustee's objection to it. *In re Aubiel*, –B.R.–, 2015 WL 4461503,*3, 2015 Bankr. LEXIS 2404,*8 [on date of entry of this memorandum of decision, this was the recognized LEXIS publication abbreviation, however, the opinion could not be accessed online through the citation] (B.A.P. 6th Cir. July 22, 2015). The BAP's analysis is akin to the burdens applicable to objections to claims.

    The court disagrees that a presumption and burden shifting analysis applies to exemptions and objections to them. Thus, it is not using such an analysis here, although the outcome would probably not change in this particular case even if it did. First, Rule 4003(c) is on point and leaves no room for such an analysis. It contrasts with Bankruptcy Rule 3001(f), Fed. R. Bankr. P. 3001(f), which expressly affords

*Roselle*, 274 B.R. 486, 490 n.4 (Bankr. S.D. Ohio 2002). In making this determination, and in order to further the fresh-start policy of the Bankruptcy Code, exemption statutes are generally to be liberally construed in a debtor's favor, and "any doubt in interpretation should be in favor of granting the exemptions." *Wengerd*, 453 B.R. at 246-47. Ohio state courts also hold that exemption statutes are to be construed liberally in favor of the debtor. *See, e.g., Daugherty v. Central Trust Co.*, 28 Ohio St.3d 441 (1986); *Dennis v. Smith*, 125 Ohio St. 120 (1932); *Sears v. Hanks*, 14 Ohio St. 298, 301(1863)("The [homestead] act should receive as liberal a construction as, can fairly be given to it.").

The Trustee objects only to the homestead exemptions in the Property that Debtors claim under Ohio Revised Code § 2329.66(A)(1). Under this statute, a debtor may exempt "the person's interest," not to exceed $132,900,[3] "in one parcel or item of real or personal property that the person or a dependent of the person uses as a residence." Ohio Rev. Code § 2329.66(A)(1)(b). The Trustee contends that the exemption does not apply to the Property because Debtor(s)' name(s) are not on the deed. Rather, title was in Karla Pugh's late mother's name on the date of filing.

A debtor's right to an exemption is determined as of the date the debtor files for bankruptcy relief. *Wengerd*, 453 B.R. at 249-50. To be entitled to the homestead exemption under Ohio law, a debtor must have an "interest" in the property and must use the property as a residence. Ohio Rev. Code §

---

properly executed and filed claims *prima facie* validity. Second, the BAP's *Aubiel* opinion does not cite Rule 4003(c); it is only mentioned in a parenthetical explanation of another cited case. Third, other BAP decisions involving exemption objections have not set forth a presumption and burden shifting analysis. *Cf. Wengerd*, 453 B.R. at 246; *Baumgart v. Alam (In re Alam)*, 359 B.R. 142, 147 (B.A.P. 6th Cir. 2006); *Hamo v. Wilson (In re Hamo)*, 233 B.R. 718, 723 (B.A.P. 6th Cir. 1999). Nor did the Sixth Circuit Court of Appeals in a recent unpublished decision. *Westry v. Lim (In re Westry)*, 591 Fed. Appx. 429, 433, 2014 U.S. App. LEXIS 24666, **9 (6th Cir. December 30, 2014); *see In re Baker*, 791 F.3d 677 (6th Cir. 2015).

[3] Ohio law provides for adjustment of the exemption amount:

> (B) On April 1, 2010, and on the first day of April in each third calendar year after 2010, the Ohio judicial conference shall adjust each dollar amount set forth in this section to reflect the change in the consumer price index for all urban consumers, as published by the United States department of labor, or, if that index is no longer published, a generally available comparable index, for the three-year period ending on the thirty-first day of December of the preceding year.

Ohio Rev.Code Ann. § 2329.66(B). The adjusted dollar amounts do not appear in the text of the statute; however, that information may be accessed by visiting the Ohio Judicial Conference website. Ohio Judicial Conference, http://www.ohiojudges.org/ (follow "Exemptions" hyperlink). The amount of the homestead exemption available to each Debtor at the time they filed this Chapter 7 case is $132,900.

3

2329.66(A)(1)(b). In this case, there is no dispute that Debtors were using the Property as their residence at the date they filed this case. Whether Debtors or either of them was the title owner of the Property on the date of filing is not necessarily determinative as to whether Debtors or either of them is entitled to claim the homestead exemption. The issue is whether Debtors or either of them had an *interest* in the Property on the date they filed their petition.

The Trustee's argument requires the court to construe the meaning of the term "interest" as used in § 2329.66(A)(1)(b). Applicable state law governs the extent of a person's interest in property when the Bankruptcy Code does not do so. *See Kildow v. EMC Mortgage Corp. (In re Kildow)*, 232 B.R. 686, 693 (Bankr. S.D. Ohio 1999)("When analyzing the validity, priority or extent of interest in property, state law controls," citing *Butner v. United States*, 440 U.S. 48, 55 (1979)). In applying state statutory law, a federal court must give the state statute "the meaning and effect attributed to it by the highest court of the state, as if the state court's decision were literally incorporated into the enactment, whatever the federal tribunal's opinion as to the correctness of the state court's views." *Burns Mortgage Co. v. Fried*, 292 U.S. 487, 494 (1934).

There is no controlling Ohio Supreme Court authority that interprets the term "interest" in § 2329.66(A)(1)(b). In the absence of controlling state case law, the federal court's role is to "ascertain how [the Ohio Supreme Court] would rule if it were faced with the issue." *Meridian Mut. Ins. Co. v. Kellman*, 197 F.3d 1178, 1181 (6th Cir. 1999). The Ohio Supreme Court, in turn, directs that statutory interpretation requires a court to ascertain the legislative intent in enacting a statute. *Carnes v. Kemp*, 104 Ohio St. 3d 629, 632 (Ohio 2004). "In order to determine that intent, a court must first look to the words of the statute itself," *id.,* and all statutes which relate to the same general subject matter must be read *in pari materia, id.* The Sixth Circuit directs that this court may use the decisional law of the state's lower courts and other federal courts construing state law to determine how the Ohio Supreme Court would rule on an issue of statutory interpretation. *Meridian Mut. Ins. Co.,* 197 F.3d at 1181.

Contrary to the Trustee's argument, the court finds that the Ohio Supreme Court would not limit an "interest" in property for purposes of application of § 2329.66(A)(1)(b) to titled ownership. The Ohio Legislature could have established an exemption "in one parcel or item of real or personal property that the person *owns and* uses as a residence." *Cf. In re Breece,* Case No. 12-8018, 2013 Bankr. LEXIS 203, *23-*24, 2013 WL 197399, *7-*8 (B.A.P. 6th Cir. Jan. 18, 2013)(appellate court rejects debtor's argument that the bankruptcy court impermissibly injected an ownership element into Ohio's homestead exemption statute

by in effect requiring a debtor to hold legal title to real property in order to claim the exemption). "In determining legislative intent it is the duty of this court to give effect to the words used, not to delete words used or to insert words not used." *Columbus–Suburban Coach Lines, Inc. v. Public Utils. Comm'n*, 20 Ohio St.2d 125, 127 (1969). Instead the Ohio Legislature chose the broader terminology of protecting a person's "interest" in property that he or she uses as a residence.

Other bankruptcy courts applying Ohio law have persuasively predicted that the Ohio Supreme Court would find a variety of debtor interests in property amounting to less than titled ownership to qualify as an "interest" for purposes of application of § 2329.66(A)(1)(b). *See In re Starr*, 485 B.R. 835 (Bankr. N.D. Ohio 2012)(debtor entitled to claim Ohio homestead exemption in property titled in the name of a trust of which debtor was the settlor, trustee and beneficiary); *In re Miller*, 151 B.R. 800 (Bankr. N.D. Ohio 1992)(debtor entitled to claim homestead exemption in inchoate dower interest in real property titled in her spouse's name); *In re Wycuff*, 332 B.R. 297, 302 (Bankr. N.D. Ohio 2005) (same); *In re Kimble*, 344 B.R. 546, 552 (Bankr. S.D. Ohio 2006) (debtors permitted to claim Ohio homestead exemption in remainder interest in real property). *But see In re Breece*, 2013 Bankr. LEXIS 203, 2013 WL 197399 (appellate court rejects debtor's claim of the Ohio homestead exemption in property titled in an LLC of which debtor was the sole member). *But cf. In re Miller*, 427 B.R. 616 (Bankr. N.D. Ohio 2009) (debtor who did not hold title to motor vehicle but was permitted to drive it by her spouse who did hold title lacked an exemptible interest under the applicable Ohio exemption).

Since the court does not find that application of § 2329.66(A)(1)(b) is limited as the Trustee argues, the issues are what interest(s), if any, do Debtors have in the Property and whether such interest(s) fall within the scope of § 2329.66(A)(1)(b).

When a person dies intestate, Ohio's statute of descent and distribution governs who receives the real and personal property of the decedent. *Stevens v. Radey*, 117 Ohio St. 3d 65, 66 (2008); Ohio Rev. Code § 2105.06. The statute provides that "the personal property shall be distributed, and the real property . . . shall descend and pass in parcenary [4] . . . [i]f there is no surviving spouse, to the children of the intestate. . . ." Ohio Rev. Code § 2105.06(A). There is no evidence that a spouse survived Karla Pugh's mother and no evidence that Karla Pugh is not entitled to inherit an interest in the Property that was owned by her

---

[4] Parcenary means "[t]he state or condition of holding title to lands jointly by parceners, before the common inheritance has been divided." *Black's Law Dictionary*, Sixth Ed. 1990. In turn, a parcener is a "joint heir; one who, with others, holds an estate in co-parcenary." [*Id.*].

5

mother.

In Ohio, "[i]t is well settled that 'the law strongly favors the immediate vesting of estates,'" *Stevens*, 117 Ohio St. 3d. at 67, and that "real estate passes direct to the heirs of an intestate immediately and directly upon death, subject, however, to the payment of [the decedent's] debts and cost of administration," *Shackelford v. Alford*, 119 Ohio App. 63, 65 (1963); *Overturf v. Dugan*, 29 Ohio St. 230 (1876). Karla Pugh thus had a vested interest in the Property on the date Debtors filed their petition as such interest passed to her upon the prepetition death of her mother. *See id.* at 66; *Conger v. Barker's Adm'r*, 11 Ohio St. 1, 15 (1860) (holding that widow's title to her share of her husband's personal property accrued upon his death); *Armstrong v. Grandin*, 39 Ohio St. 368, 373 (1883) (same); *Ohio Nat'l Bank of Columbus v. Boone*, 139 Ohio St. 361, 365 (1942) (stating that "the law favors the vesting of estates at the earliest possible moment, and it is well settled in Ohio that a remainder after a life estate vests in the remainderman at the death of the testator, unless an intention to postpone the vesting to some future time is clearly expressed in the will"); *Stevens*, 117 Ohio St. 3d at 68 (stating that "[u]nless a testator manifests a contrary intent in a will, the preference for the immediate vesting of estates requires such interests to be assigned at the testator's death").

Based on the foregoing Ohio precedents, and in light of the liberal interpretation standard for exemptions, the court finds that the Ohio Supreme Court would find that Karla Pugh had an "interest" in the Property within the meaning of § 2329.66(A)(1)(b) at her mother's death, subject only to it being sold to pay her late mother's debts, and thus had an exemptible " interest" in the Property as of the commencement of this case.

This reasoning does not apply to Stanley Pugh. He is obviously not a child of Karla Pugh's late mother and no interest in the Property would have passed to him on that basis under Ohio Rev. Code § 2105.06(A). The Trustee did not separately argue any interest of Stanley Pugh in the Property, instead going all in as to both Debtors' claims of exemption that neither of their names were on the deed and that they did not own the property at filing.

The only apparent interest of Stanley Pugh in the Property that the court can discern would be if he acquired a right of dower in Karla Pugh's interest in the Property. Under Ohio statutory law, the right of dower "is an estate for life [of one spouse] in one third of the real property of which the [other spouse] was seized of an inheritance at any time during the marriage." Ohio. Rev. Code Ann. § 2103.02. Although it once applied only to wives, the right of dower in Ohio today is a right of both husbands and wives. *See*

*Deutsche Bank Trust Co. Ams. v. Smith*, No. 89738, 2008 Ohio 2778, 2008 WL 2349289, at *1 n.1, 2008 Ohio App. LEXIS 2352, **1-**2, n.1 (Ohio Ct. App. 2008). Reviewing the history of Ohio dower law, another bankruptcy court has aptly described the right of dower in real property as follows: "To be precise, under current Ohio law, the Dower Interest is a vested, inchoate interest." Moreover, as the *Miller* and *Wycuff* cases cited above persuasively show, a statutory inchoate dower interest under Ohio law constitutes an exemptible interest for purposes of § 2329.66(A)(1)(b). *See also In re Castor*, 99 B.R. 807 (Bankr. S.D. Ohio 1989). As the court has decided, Karla Pugh has an exemptible interest in the Property. And there is no dispute that Stanley Pugh and Karla Pugh were married when they filed their Chapter 7 petition. The question is whether Karla Pugh's interest in the Property derived upon her mother's death pre-petition is one in which she was "seized of an inheritance" when Debtors filed this case.

Ohio courts have determined that a number of types of property interests amount to being "seized of an inheritance" to which the statutory right of dower would attach. At common law, estates of inheritance are "inheritances absolute or fee simple." 1-16 Anderson's Ohio Probate Practice and Procedure § 16.01. Estates seized of an inheritance have been found by Ohio courts to be freehold estates of indeterminate tenure, such as "the fee simple title, a fee tail, permanent leasehold estates, and the fractional interest of a co-tenant," but not "a lessee's interest in a lease, other than a permanent leasehold, property held in the name of a partnership, and the rights of a vendee under a land installment contract."1-6 Ohio Real Property Law and Practice § 6.11[4][a][iv] (footnotes omitted).

As described above, Karla Pugh acquired her mother's fee simple interest in the Property upon her mother's death, even without the commencement of probate proceedings. The court finds that Karla Pugh therefore became "seized of an inheritance" in the Property upon her mother's death. As a result, Stanley Pugh also acquired a statutory right of dower in the property at his mother-in-law's death. *See Drown v. JPMorgan Chase Bank (In re Barnhart)*, 447 B.R. 551, 560-61 (Bankr. S.D. Ohio 2011)(citing *Reigles v. Urban*, No. 2009-L-139, 2010 Ohio 4427, 2010 WL 3666976, at *4 (Ohio Ct. App. 2010), and *State v. Thrower*, 81 Ohio App.3d 15 (Ohio Ct. App), *jurisdictional motion overruled*, 62 Ohio St. 3d 1434 (table) (Ohio 1991), for proposition that spouse enjoyed "vested" although still inchoate dower rights at the moment the other spouse acquired the property at issue). *But cf. Carmack v. Carmack*, 7 Ohio Op. 313, 22 Ohio Law Abs. 702 (Ohio C.P. Ct. 1936)(spouse of an heir neither a necessary nor proper party to administrator's action to sell real estate to pay decedent's debts, as the inchoate right of dower subsists by virtue of the seizin of the owner, and is always subject to any infirmity or incident the law attaches to the

seizin).

The court finds that the Trustee has not met her burden of establishing by a preponderance of the evidence that Karla Pugh and Stanley Pugh do not have exemptible interests in the Property under Ohio Revised Code § 2329.66(A)(1)(b) and thus that they are not entitled to the claimed homestead exemption. The court will deny the Trustee's Motion.

The court will enter a separate order in accordance with this memorandum of decision.

###